**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**VASQUEZ ALEXANDER ALBERTO,**

       **Petitioner,**

    **v.**                                               **Civil Action No. 3:26cv389**

**JEFFREY CRAWFORD,** *et al.,*

       **Respondents.**

## <u>MEMORANDUM OPINION</u>

Vasquez Alexander Alberto, a federal immigration detainee currently detained in the Farmville Detention Center, proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition (the "§ 2241 Petition"). (ECF No. 1.)[1] Petitioner challenges his detention by Immigration and Customs Enforcement ("ICE"). Respondents have filed an Opposition. (ECF No. 4.) Respondents also filed a Motion to Dismiss. (ECF No. 5.) Petitioner filed a letter to the Court. (ECF No. 8.) For the reasons set forth below, the Motion to Dismiss (ECF No. 5) will be granted and the § 2241 Petition will be dismissed as moot.

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—

    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

    (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(1)–(3).

## I.  Factual and Procedural Background

### A.      Factual Background

Petitioner is forty-one years old and is a native and citizen of El Salvador.  (ECF No. 4-1

¶ 5.)  The following summarizes Petitioner's immigration status:

6.      On October 3, 2021, Petitioner was encountered by a Border Patrol Agent in the Rio Grande Valley, Texas sector.  Border Patrol determined the Petitioner entered the United States from Mexico on an unknown date without inspection at a place not designated as a port of entry at or near an unknown location.  After establishing Petitioner's identification, Border Patrol officers confirmed Petitioner entered the United States without being admitted or paroled.

7.      On October 4, 2021, Petitioner was enrolled in the Alternative to Detention ("ATD") program and released on parole pursuant to INA § 212(d)(5) until October 18, 2021.

8.      On December 20, 2021, Petitioner reported to the Immigration and Customs Enforcement ("ICE") Chantilly, VA office[.]  Petitioner was issued a Notice to Appear ("NTA") charging him with being inadmissible to the United States (and thus removable from the United States) under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at a place other than designated by the Attorney General.

9.      On the same date, December 20, 2021, Petitioner was placed on parole for one year.  Petitioner was given a parole letter and released from ICE custody pursuant to INA § 212(d)(5)(A).

10.      On February 7, 2022, an Immigration Judge terminated Petitioner's case for failure to prosecute because the NTA issued on December 20, 2021, was not filed with the court prior to the court date listed on the NTA.

11.      On December 28, 2025, Petitioner was arrested by the Prince William County Sheriff's Office for possession of a Schedule I and II controlled substance in violation of Virginia Code § 18.2-250.

12.      On February 24, 2026, Petitioner entered a nolo contender[e] plea to unauthorized distribution of controlled drug paraphernalia in violation of Virginia Code § 54.1-3466.

13.      On the same date, February 24, 2026, ICE ERO Washington encountered Petitioner at the Prince William County Adult Detention Center.  An immigration detainer had been placed on Petitioner on January 8, 2026.  Upon release from local criminal custody, Petitioner was arrested by ICE and taken into custody.

14.      On the same date, February 24, 2026, Petitioner was issued a Notice to Appear ("NTA") charging him with being inadmissible to the United States (and thus removable from the United States) under 8 U.S.C. § 1182(a)(6)(A)(i), as an

2

alien present in the United States without being admitted or paroled, or who arrived in the United States at a place other than designated by the Attorney General.

(ECF No. 4-1 ¶¶ 6–14.)

## B.    Procedural Background

On May 6, 2026, the Court received Petitioner's § 2241 Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his § 2241 Petition, Petitioner states that he was taken into immigration custody on February 24, 2026, and that removal proceedings are pending. (ECF No. 1, at 5.)[2] Petitioner asks the Court "to order [his] release from ICE custody or, in the alterative, to order a fair bond hearing." (ECF No. 1, at 8.)

On May 13, 2026, the Court ordered Respondents to either file a Notice indicating that the factual and legal issues presented in the § 2241 Petition do not differ in any material fashion from those presented in *Duarte Escobar v. Perry, et al.*, 3:25-cv-758 (E.D. Va.), or an Opposition to the § 2241 Petition discussing the material differences between *Duarte Escobar* and the § 2241 Petition. (ECF No. 3, at 1.) On May 20, 2026, Respondents filed their Opposition arguing that material differences exist from *Duarte Escobar*. (ECF No. 4.)

On June 26, 2026, Respondents filed a Motion to Dismiss. (ECF No. 5.) They assert that an Immigration Judge issued an order of removal on May 5, 2026. (ECF No. 6, at 1 (citing [ECF No. 6-1] ¶ 6).) They further assert that Petitioner reserved appeal but did not file an appeal within 30 days. (ECF No. 6, at 1 (citing [ECF No. 6-1] ¶ 7).) Respondents argue that Petitioner is now subject to a final order of removal and the § 2241 Petition should be dismissed. (ECF No. 6, at 3); *see also* EOIR, *Automated Case Information*, A-Number 220-688-705, available at: https://acis.eoir.justice.gov/en/caseInformation (last visited July 30, 2026).

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation from the parties' submissions.

## II. Standard of Review

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

4

### III. Analysis

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[ is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, the basis for Petitioner's detention changed during the pendency of his § 2241 Petition. Petitioner did not file an appeal within 30 days of the Immigration Judge's decision. (ECF No. 6-1 ¶ 7.) Thus, the Immigration Judge's decision is final. Petitioner is now subject to a Final Order of Removal and is now detained pursuant to 8 U.S.C. § 1231. "Under § 1231, upon the issuance of a final order of removal to an alien, the alien shall be removed 'within a period of 90 days.' The alien '*shall*' be detained during the removal period." *Banoub v. Crawford*, 819 F. Supp. 3d 477, 486 (E.D. Va. 2025) (footnote omitted) (quoting 8 U.S.C. § 1231(a)(1)(A)).

For the foreseeable future, Petitioner's detention is mandatory. *See id.* This change in the statutory provision that governs Petitioner's detention renders his § 2241 Petition moot. *See Doe v. Perry*, No. 1:21-cv-01364-MSN-IDD, 2022 WL 1837923, at *2 (E.D. Va. Jan. 31, 2022) ("Petitioner concedes that his request for a bond hearing became moot after the issuance of an administratively final removal order.").

5

## IV.  Conclusion

The Motion to Dismiss (ECF No. 5) will be GRANTED and the § 2241 Petition (ECF No. 1) will be DISMISSED as moot.

An appropriate order shall accompany this Memorandum Opinion.

Date: 7/30/26                                         _____/s/_____
Richmond, Virginia                                   M. Hannah Lauck
                                                     Chief United States District Judge

6